Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *PR ASSET PORTFOLIO 2013-I INTERNATIONAL, LLC*<br>**Apelado**<br><br>V.<br><br>*ONE ALLIANCE INSURANCE CORP*<br>**Apelante** | KLAN202400862 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil. Núm. SJ2019CV10739<br><br>Sobre: Incumplimiento de Contrato de Seguros Irma/María |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

El 20 de septiembre de 2024, One Alliance Insurance Corporation (One Alliance o apelante) compareció ante nos mediante *Apelación Civil* y solicitó la revisión de una *Sentencia Sumaria* que se emitió y notificó el 29 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar una *Solicitud de Sentencia Sumaria* que presentó PR Asset Portfolio 2013-1 International, LLC (PRAPI o apelada). En consecuencia y en lo pertinente a la controversia ante nos, le ordenó a Once Alliance a pagarle a PRAPI lo siguiente: (1) intereses post-sentencia calculados al interés legal vigente de 9.50%; (2) intereses pre-sentencia por morosidad; (3) $25,000.00 por concepto de honorarios de abogado conforme lo dispone el Art. 27.165 de la Ley Núm. 77 de 19 de junio de 1957, según enmendada, mejor conocida como el *Código de Seguros de Puerto Rico*, 26 LPRA sec. 2716e (Código de Seguros).

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

One Alliance expidió dos (2) pólizas de seguros a favor de la apelada, número 75-28-000001258 y 75-28-000001259, que tenían vigencia del 1 de julio de 2017 al 1 de julio de 2018 para asegurar varias propiedades ubicadas en distintos municipios. Debido a los daños que ocasionó el paso del huracán María a las propiedades aseguradas, PRAPI presentó la reclamación correspondiente ante la aseguradora. One Alliance y PRAPI, a través de sus ajustadores, realizaron las inspecciones de las propiedades incluidas en la reclamación y acordaron dividir las partidas de los daños en tres (3) pagos, a saber, *1st, 2nd, 3rd Claim Submission*. Así las cosas, el 26 de septiembre de 2018 One Alliance emitió dos (2) cheques como pago del ajuste del *1er Claim Submission* por la suma de $2,102,222.24 y $20,976.66 respectivamente.[1]

Posteriormente, el 28 de marzo de 2019, las partes llegaron a un acuerdo sobre las propiedades incluidas en el *2nd Claim Submission*. Así pues, el 16 de mayo de 2019, One Alliance notificó su ajuste a las 29 propiedades incluidas en el *2nd Claim Submission* y le ofreció a PRAPI el pago de $1,493,856.59 correspondientes a los reclamos en cuanto a esas propiedades. PRAPI aceptó el ajuste y el 29 de mayo de 2019 procedió a notificarle los comprobantes de pérdida al ajustador de One Alliance en cuanto a las propiedades del *2nd Claim Submission*. Sin embargo, el 20 de junio de 2019, el apelante le informó a PRAPI, mediante correo electrónico, que rechazaba el acuerdo que sometió con relación a las declaraciones de pérdidas (*proof of loss*) correspondientes al *2nd Claim Submission*.[2] Expresó que cuando se realizó el *1st Claim Submision*, estaban incluidas trece (13) propiedades que no estaban en los

---

[1] Estos hechos procesales se adoptaron de nuestra Sentencia en el caso núm. KLCE202300477.
[2] Estos hechos procesales se adoptaron de la Sentencia que emitió nuestro panel hermano en el caso núm. KLAN202400219.

reportes, por lo que PRAPI no poseía un interés asegurable sobre dichas propiedades.

Por los motivos antes expuestos, indicó que se retractó y retiró su oferta. Ello a pesar de que PRAPI ya la había aceptado. Así pues, le solicitó a la apelada la devolución de $1,080,502.15 por concepto de las trece (13) propiedades no reportadas e incluidas en el *1st Claim submision.* Además, le solicitó a que presentara una nueva declaración de pérdida (*proof of loss*) correspondiente al *2nd Claim Submission* por una cantidad reducida de $413,354.44.[3]

Trabada la controversia, el 6 de septiembre de 2019, PRAPI presentó una *Demanda* sobre incumplimiento de contrato de seguro, mala fe y acción declaratoria en contra de One Alliance en el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI de San Juan). Particularmente, alegó que, One Alliance estaba impedido jurídicamente de retirar el ajuste y oferta que realizó bajos las pólizas 75-28-000001258 y 75-28-000001259. Asimismo, argumentó que, según el caso de *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009), la doctrina de pago en finiquito y debido a que se llegó a un acuerdo transaccional One Alliance estaba impedido de retirar la oferta. Sostuvo, además que, One Alliance actuó de mala fe ya que incumplió el contrato de seguros, manejó la reclamación de forma inoficiosa, irresponsable, y dilató el proceso de la reclamación. Por todo lo anterior, planteó que tenía derecho a recibir el pago de las pérdidas del *2d Claim Submission* ascendentes a $1,493,856.59 más intereses y el pago del *3er Claim Submission* ascendente a $7,866,715.88 más intereses, daños, costas, gastos y honorarios de abogado por temeridad en una suma no menor de $100,000.00.[4]

---

[3] Estos hechos procesales se adoptaron de nuestra Sentencia en el caso núm. KLCE202300477.
[4] Estos hechos procesales se adoptaron de nuestra Sentencia en el caso núm. KLCE202300477.

Así las cosas, el 11 de octubre de 2019, el TPI de San Juan emitió una *Orden* para que la apelada fraccionara su causa de acción entre las regiones judiciales donde estuviesen sitas las propiedades objeto de la controversia ya que estas estaban ubicadas en distintos municipios de Puerto Rico.[5] Esta determinación fue objeto de revisión ante el Tribunal de Apelaciones mediante un recurso de *certiorari* en el caso núm. KLCE201901372. Sin embargo, el referido foro emitió una *Resolución* el 21 de noviembre de 2019 denegando el recurso. De este modo, PRAPI tuvo que presentar Demandas Enmendadas en doce (12) regiones judiciales distintas. Ante ello, el 12 de febrero de 2020, PRAPI presentó una *Demanda Enmendada* ante el TPI de Arecibo mediante la cual incluyó dieciséis (16) propiedades que correspondían a dicha región judicial.[6] Posteriormente, el 26 de junio de 2020, la apelada presentó una *Segunda Demanda Enmendada* con el único fin de incluir dos propiedades más que le correspondían a la competencia del foro judicial de Arecibo.[7] Cabe mencionar que, One Alliance presentó su respectiva alegación responsiva a cada Demanda presentada.[8]

Luego de varios trámites procesales que no son pertinentes discutir, el 19 de septiembre de 2023, PRAPI presentó una *Moción para que se dicte Sentencia Sumaria* [...].[9] En esta puntualizó que todas las *Demandas Enmendadas* que presentó en las doce (12) regiones judiciales versaban sobre un pleito en cobro de acuerdos de transacción y para el ajuste de las reclamaciones pendientes en contra de One Alliance. Además, señaló que había presentado mociones de sentencia sumaria parcial idénticas en todos los tribunales y que el TPI de Caguas denegó la sentencia sumaria parcial que se presentó ante ese foro. Sin embargo, indicó que

---

[5] Véase, Entrada 2, SUMAC.
[6] Véase, Entrada 16, SUMAC.
[7] Véase, págs. 1-23 del apéndice del recurso.
[8] Véase, Entrada 23, Entrada 26, Entrada 39 del apéndice del recurso.
[9] Véase, págs. 79-91 del apéndice del recurso.

recurrió en alzada mediante *certiorari* en el caso núm. KLCE202201139 al Tribunal de Apelaciones (TA) tras la denegatoria de dicha sentencia sumaria parcial y que este foro dictó *Sentencia* expidiendo el auto de *certiorari* y revocando la determinación del TPI de Caguas.[10] Especificó que, en dicha *Sentencia*, el TA, en lo pertinente, resolvió lo siguiente:

> Si bien es cierto que, One Alliance presentó Reconvención alegando fraude por parte de PRAPI, el momento para levantar cualquier reclamación era cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente. Nuestro ordenamiento jurídico ha sido enfático en que al emitir la oferta el asegurador expresa haber sido diligente y realizado una investigación sobre la reclamación incoada. Además, One Alliance no demostró que hayan surgido circunstancias extraordinarias que le fueran imposibles descubrir al momento de emitir ajuste. Ante ello, somos del criterio que erró el Tribunal de Primera Instancia al no ordenar a One Alliance que realizara el pago del ajuste emitido ya que se trata de una deuda líquida, vencida y exigible.

Afirmó que One Alliance recurrió al Tribunal Supremo para impugnar la determinación del TA. Sin embargo, sostuvo que nuestra más alta curia denegó de plano el *certiorari* y de igual forma denegó las reconsideraciones que presentó la apelante.[11] Así pues, puntualizó que la *Sentencia* que dictó el TA advino final y firme, y, por ende, aplicaba la doctrina de cosa juzgada y el TPI debía dictar una sentencia en conformidad a ello. Particularmente resaltó que los trece (13) casos versaban sobre la misma reclamación de seguros instada bajo las mismas pólizas suscritas entre las mismas partes e involucraban los mismos acuerdos transaccionales e idénticas controversias de hecho y derecho. Ante ello, argumentó que, si algún otro Tribunal llegaba a una decisión contraria en algún otro caso, incluyendo este, el resultado sería un contrasentido jurídico.

En vista de lo anterior, le solicitó al TPI que declarara y ordenara lo siguiente:

---

[10] Íd., págs. 92-100.
[11] Íd., págs. 128-130.

1. Que la anulación de las pólizas fue válida.

2. Que One Alliance no se podía retractar de los ajustes y ofertas del 1st Claim Submission y parte del 2nd Claim Submission.

3. Que PRAPI no tenía que devolverle a One Alliance suma alguna con relación al 1st Claim Submission.

4. Que One Alliance le pagara a PRAPI los $1,493,856.59 que le debía bajo el acuerdo suscrito entre las partes respecto el 2nd Claim Submission.

5. Que One Alliance culminara el ajuste y pago de las reclamaciones de propiedad incluidas en parte del 2nd Claim Submission y la totalidad del 3rd Claim Submission en un termino perentorio.

6. Que One Alliance le pagara a PRAPI los intereses post-sentencia calculados al interes legal de 9.25% según dispone la tabla de intereses aplicable a sentencias judiciales emitida por la Oficina del Comisionado de Instituciones Financieras.

7. Que One Alliance le pagara a PRAPI los intereses pre-sentencia por morosidad, debido a que One Alliance no tenía razón legítima para negarse a satisfacer el ajuste y oferta que le cursó a PRAPI en el 2019.

8. Que One Alliance le pagara honorarios de abogado conforme lo requiere el Art. 27.165 del Código de Seguros, 26 LPRA sec. 2716e.

En respuesta, el 13 de octubre de 2023, la parte apelante presentó una *Oposición a Moción para que se dicte Sentencia Sumaria y en Solicitud de Desestimación.*[12] En primer lugar, alegó que obtuvo nueva prueba que reafirmaba la nulidad de las pólizas y que evidenciaba el esquema fraudulento de PRAPI. Argumentó que la *Sentencia* que emitió el TA en cuanto al caso de Caguas, no adjudicaba las causas de acción del presente caso, principalmente las relacionadas a las presuntas actuaciones fraudulentas de PRAPI. Además, añadió que la acción judicial que presentó PRAPI en cada región judicial fue en cuanto a una reclamación de cubierta de seguros para cientos de propiedades ubicadas en distintos municipios de Puerto Rico. En vista de ello, argumentó que ninguna propiedad inmueble reclamada era igual a la otra, ni sus valores, ni

---

[12] Íd., págs. 134-147.

sus circunstancias registrales, y mucho menos, los daños reclamados por PRAPI. Así pues, afirmó que no podía aplicar la doctrina de cosa juzgada por no existir perfecta identidad entre las causas y las cosas. A tono con lo anterior, adujo que procedía la desestimación de la solicitud de sentencia sumaria al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 por la falta de una reclamación que justificara la concesión del remedio sumario solicitado.

Evaluadas las posturas de ambas partes, el 28 de noviembre de 2023, el TPI dictó y notificó una *Sentencia Parcial.*[13] En esta, realizó unas determinaciones de hechos y a base de estas y el derecho aplicable, resolvió que aplicaba la doctrina de cosa juzgada en el presente pleito ante la determinación alcanzada por el TA en el caso núm. KLCE202201139, la cual era final y firme. De este modo, determinó que procedía la desestimación de la reconvención que presentó One Alliance. Además, resolvió que la anulación de las pólizas fue inválida por lo que PRAPI no tenía que devolverle a One Alliance cantidad alguna por concepto del *1st Claim Submission.* Asimismo, condenó a One Alliance al pago correspondiente al *2nd Claim Submission* y que comenzara el proceso de ajusto del *3rd Claim Submission.* Aclaró que todo ello era en cuanto a las propiedades sitas en la jurisdicción de Arecibo.[14]

El 1 de diciembre de 2023, PRAPI presentó una *Solicitud de Enmienda de Sentencia Parcial para Incluir Honorarios Mandatorios e Intereses por Mora.*[15] En esta solicitó una partida de honorarios de abogado al amparo del Art. 27.165 del Código de Seguros, *supra,* o en la alternativa, bajo la Regla 44.1(d) de Procedimiento Civil, 32

---

[13] Íd., págs. 242-250.
[14] El 13 de diciembre de 2023, One Alliance presentó una solicitud de reconsideración de la *Sentencia Parcial* que se dictó el 28 de noviembre de 2023. Así las cosas, el 6 de febrero de 2024, PRAPI se opuso a esta solicitud de reconsideración.
[15] Íd., págs. 251-255.

LPRA Ap. V, R. 44.1. De igual forma, solicitó una partida de intereses pre-sentencia por la morosidad incurrida por One Alliance en el cumplimiento con sus obligaciones bajo el Código de Seguros, las pólizas y los acuerdos de transacción.

En respuesta, el 26 de diciembre de 2023, One Alliance presentó su oposición al referido escrito.[16] Argumentó que en el presente caso no hubo temeridad por su parte por lo cual no procedía imponer honorarios de abogado a favor de PRAPI. Asimismo, sostuvo que tampoco procedían los intereses pre-sentencia solicitados. Luego la apelada presentó una réplica a la oposición antes expuesta y la apelante presentó una dúplica a esta réplica.[17] Evaluadas las posturas de ambas partes, el 29 de agosto de 2024, el TPI emitió y notificó una *Resolución* en la cual declaró Ha Lugar la *Solicitud de Enmienda de Sentencia Parcial para Incluir Honorarios Mandatorios e Intereses por Mora* que presentó PRAPI.[18] Consecuentemente, resolvió que se enmendaría la Sentencia con el efecto de establecer honorarios de abogado al amparo del Art. 27.165 del Código de Seguros, *supra*, e intereses post-sentencia y pre-sentencia. A su vez, puntualizó que enmendaría la *Sentencia Parcial* emitida a los fines de aclarar que el decreto emitido era una sentencia sumaria y no una sentencia parcial. Por último, declaró No Ha Lugar la solicitud de reconsideración que presentó One Alliance en cuanto a la *Sentencia Parcial* que se emitió el 28 de noviembre de 2023.

En virtud de la *Resolución* antes expuesta, ese mismo día, a saber, el 29 de agosto de 2024, el TPI emitió una *Sentencia Sumaria*.[19] En primer lugar, realizó las siguientes determinaciones de hechos:

---

[16] Íd., págs.288-290.
[17] Íd., págs. 291-300.
[18] Íd., págs. 475-476.
[19] Íd., págs. 478-487.

1. El 6 de septiembre de 2023, PRAPI presentó ante el Tribunal de Primera Instancia de San Juan una demanda contra OAI, mediante la cual reclamaba cierto incumplimiento contractual por parte de esta última, esto con respecto a dos pólizas de seguro que cubrían el riesgo de daños para varios inmuebles pertenecientes a PRAPI.

2. Debido a que las propiedades se encontraban sitas alrededor de Puerto Rico, el Tribunal de San Juan ordenó que se presentaran pleitos separados en las diferentes regiones judiciales, esto dependiendo del lugar donde estuviese sita la propiedad. Dicha determinación fue confirmada por el Tribunal de Apelaciones. Ante esta orden, PRAPI procedió a presentar pleitos independientes en cada una de las regiones judiciales.

3. La reclamación de PRAPI versa sobre cubierta de la póliza, no sobre la cuantía de daños de cada una de las propiedades.

4. El 21 de junio de 2022 PRAPI presentó Moción de Sentencia Sumaria Parcial, esto en el pleito que se ventilaba en la Región de Caguas. El 22 de agosto de 2022 OIA presentó su Oposición. El 13 de septiembre de 2022 el TPI de Caguas declaró No Ha Lugar la solicitud de PRAPI. Inconforme, el 13 de octubre de 2022 PRAPI acudió al Tribunal de Apelaciones.

5. El 10 de enero de 2023, notificada el 11 del mismo mes, el Tribunal de Apelaciones emitió su Sentencia revocando la Resolución del TPI de Caguas que denegaba la Moción de Sentencia Sumaria de PRAPI. Véase KLCE202201139.

6. En particular, el Tribunal de Apelaciones determinó que OAI no podía retractarse del ajuste que le emitió a PRAPI. En cuanto a esto, dispuso que "One Alliance no demostró que hayan surgido circunstancias que le fueran imposibles descubrir al momento de emitir el ajuste". Por tanto, concluyó que "erró el Tribunal de Primera Instancia al no ordenar a One Alliance que realizara el pago del ajuste emitido ya que se trata de una deuda líquida, vencida y exigible."

7. Además, bajo el mismo razonamiento, el Tribunal de Apelaciones determinó que "[s]i bien es cierto que, One Alliance presentó Reconvención alegando fraude por parte de PRAPI, el momento para levantar cualquier reclamación era cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente", por lo cual no procedía la misma.

8. One Alliance recurrió al Tribunal Supremo de la Sentencia. El Tribunal Supremo acogió la apelación de OIA como recurso de Certiorari y la denegó.

9. El Tribunal Supremo rechazó las dos mociones de reconsideración que presentó la aseguradora posteriormente.

10. El 11 de septiembre de 2023 se registró el mandato correspondiente en autos en el caso de Caguas.

Tomando en consideración las determinaciones de hechos antes expuestas y el derecho aplicable, el TPI resolvió lo siguiente:

Según hemos mencionado en varias ocasiones, el pleito en Caguas y el pleito presentado en Arecibo versan sobre los mismos hechos y entre las mismas partes. La cosa o el asunto que se trata el presente pleito, así como en el pleito de Caguas es el mismo – una reclamación de seguro por incumplimiento contractual, mala fe y prácticas desleales incurridas por OAI contra PRAPI. Del mismo modo, la identidad de causa, los cuales son los hechos en los que se basa la demanda son los mismos en ambos pleitos. La identidad de los litigantes es la misma, pues en ambos se encuentra PRAPI como demandante y OIA como demandado.

OIA adujo que no existía identidad entre las cosas y las causas porque se trata de diferentes propiedades las que atiende una y otra reclamación. No tiene razón. El presente pleito versa sobre la negativa de OAI a cubrir ciertos daños que ya fueron estimados, ajustados y ofertados/estipulados, y la actuación de mala fe por parte de esta. Nótese que en ningún momento se ha alegado que las cuantías ofrecidas para cubrir los daños que habían sido trabajados en el 1st and 2nd Claim Submission y no una especifica que se encuentra atada a los daños particulares que tuvo cada una de las propiedades.

Ante tal situación, declaramos Ha Lugar la solicitud de dictar Sentencia Sumaria presentada por PRAPI. En consecuencia, dictamos sentencia sumaria a favor de PRAPI decretando la aplicabilidad de la doctrina de cosa juzgada en el presente caso, ante la determinación alcanzada por el TA en el caso KLCE202201139, la cual es una final y firme, y en la cual se determinó que OAI no podía retractarse del ajuste que le emitió a PRAPI del 1st y 2nd Claim Submission, y la alegación de fraude hecha por OIA fue una a destiempo, por lo que procede la desestimación de la reconvención presentada. Como pie forzado, debemos resolver, además, que la anulación de las pólizas fue inválida, por lo que PRAPI no tiene que devolver cantidad alguna a OIA por concepto de 1st Claim Submission; OIA deberá realizar el pago correspondiente al 2nd Claim Submission, y deberá comenzar el proceso de ajuste respecto al 3rd Claim Submission, todo esto en cuanto a las propiedades sitas en la jurisdicción de Arecibo.

En vista de lo anterior, el TPI declaró Ha Lugar una *Solicitud de Sentencia Sumaria* que presentó PRAPI. Además, le ordenó a

Once Alliance a pagarle a PRAPI lo siguiente: (1) intereses post-sentencia calculados al interés legal vigente de 9.50%; (2) intereses pre-sentencia por morosidad; (3) $25,000.00 por concepto de honorarios de abogado conforme lo dispone el Art. 27.165 del Código de Seguros, *supra*.

En desacuerdo con este dictamen, el 20 de septiembre de 2024, One Alliance presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Primer Error: Erró el TPI al ordenar intereses pre-sentencia parcial en relación al 2nd claims submission, declarando "morosa" a One Allience cuando:**
>
> > **A) Se encuentra en las arcas del Tribunal desde el 7 de abril de 2021, la cantidad de pago del 2nd Claims Submission por la suma de $106,995.15.**
> >
> > **B) El 3 de junio de 2022 PR Asset presentó Sentencia Sumaria en cuanto al ajuste del 2nd Claims Submission que fue declarada Sin Lugar mediante Resolución del 13 de febrero de 2023 emitida por el TPI.**
> >
> > **C) El 6 de marzo de 2023 el Tribunal de Apelaciones denegó expedir el auto de Certiorari presentado por PR Asset solicitando revisión de la Resolución del 13 de febrero de 2023.**
> >
> > **D) Fue el 23 de agosto de 2024 mediante Sentencia Sumaria que el TPI-Arecibo determina que procede pago del ajuste del 2nd Claims Submission.**
>
> **Por lo que One Alliance ha estado litigando de buena fe sus defensas las cuales han sido objeto de determinaciones judiciales a su favor en esta región judicial, incluso del Tribunal de Apelaciones.**
> **Segundo Error: Erró el TPI al conceder pago por concepto de honorarios bajo el Art. 27.165 del Código de Seguro pues no existe una determinación de que One Alliance hubiera actuado de mala fe.**
>
> **Tercer error: Erró el TPI al ordenar el pago de intereses post sentencia toda vez que no se ha resuelto finalmente la cuestión litigiosa, al amparo de la Regla 42.1 de las de Procedimiento Civil.**

Atendido el recurso, el 23 de septiembre de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 17 de

octubre de 2024 para presentar su alegato en oposición. Oportunamente, PRAPI presentó un *Alegato de la Parte Apelada* y negó que el TPI cometiera los errores que One Alliance le imputó.

II.

-A-

La Regla 42.1 de las Reglas de Procedimiento Civil, 32 LPRA, Ap. V, R. 42.1, define la sentencia como cualquier determinación del TPI que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Particularmente, una sentencia final, es aquella que resuelve todas las controversias entre todas las partes de forma tal que no quede pendiente nada más que la ejecución de ésta. *Cruz Roche v. Colón y Otros,* 182 DPR 313, 323 (2011). Es sentencia firme, por el contrario, aquella contra la que no cabe un recurso de apelación. *Suárez v. E.L.A.,* 162 DPR 43, 62, (2004).

-B-

La Regla 44.3 de Procedimiento Civil, 32 LPRA Ap.V, R.44.3, establece dos tipos de intereses legales, a saber, el interés presentencia y el post-sentencia. El propósito de esta regla es promover que el deudor de una sentencia se ajuste con prontitud a los términos de ésta y compense expeditamente al acreedor de esta. Íd. El interés post-sentencia, **es aquel que se impone a favor de la parte victoriosa en todas las sentencias que ordenen el pago de dinero.** (Énfasis suplido) *Gutiérrez v. A.A.A.,* 167 DPR 130, 136 (2006). El derecho de un litigante victorioso a recobrar estos intereses post-sentencia es estatutario. *González Figueroa v. SLG et al.,* 209 DPR 138, 146 (2022). Éste se computa sobre la cuantía de la sentencia, incluyendo las costas y honorarios de abogado, y se fijan desde la fecha en que se dictó la sentencia hasta que ésta se satisfaga. Íd. **Su imposición es obligatoria, sin distinción de clase alguna y con independencia de si la parte actuó con temeridad o no.** (Énfasis suplido) Íd.  El tipo de interés que aplicará será el que

fije la Junta Financiera de la Oficina de Comisionado de Instituciones Financieras al momento de dictarse la sentencia. *C.O.P.R. v. S.P.U.*, 181 DPR 299,343 (2011).

De otra parte, el interés pre-sentencia al que se refiere el inciso (b) del Art. 44.3 de Procedimiento Civil, *supra*, procede sobre la cuantía de la sentencia, excluyendo así las costas y honorarios de abogado. *González Ramos v. Pacheco Romero*, supra, pág. 146. Además, únicamente se impone si la parte perdidosa actuó con temeridad en la tramitación del pleito y si se trata de una demanda de cobro de dinero o por daños y perjuicios. Íd. En lo pertinente al caso ante nos, en los casos de cobro de dinero, el interés pre-sentencia se computa desde que surge la causa de acción. *Montañez v. U.P.R.,* 156 DPR 395, 424-425 (2002).

Ahora bien, en cuanto a los intereses por mora, el Art. 1061 del Código Civil, 31 LPRA sec. ant. 3025, establece que "si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal".[20] Según el Art. 1053 del Código Civil, 31 LPRA sec. ant. 3017, incurren en mora "los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación". Particularmente, la mora se define como el retraso en el cumplimiento de una obligación. *Valcourt v. Iglesias*, 78 DPR 630, 638 (1955).

Por último, para que exista mora por parte del deudor es necesario que se trate de una obligación positiva de dar o hacer, que la obligación sea exigible y líquida y esté vencida, que el deudor

---

[20] El Código Civil de 1930 fue derogado por la Ley 55-2020, conocida como el Código Civil de Puerto Rico de 2020. Sin embargo, para propósitos de la adjudicación de este caso estaremos citando el Código Civil derogado, el cual estaba vigente al momento en que surgieron los hechos que dieron lugar a la presente controversia.

retarde culpablemente el cumplimiento de su obligación y que el acreedor requiera el pago al deudor ya sea judicial o extrajudicialmente. J. Castán Tobeñas, *Derecho Civil Español*, *Común y Foral*, 16ta ed., Madrid, Ed. Reus S.A., 1992, Tomo III, págs. 238-240.

-C-

La Ley Núm. 247-2018 enmendó el Código de Seguros, con el propósito de incluir los Arts. 27.164 y 27.165 (26 LPRA secs. 2716d y 2716e). En lo pertinente al caso ante nos, el Art. 27.165 del Código de Seguros dispone lo siguiente en cuanto a las costas y honorarios de abogado:

> (1) Al recaer una sentencia o decreto por cualquiera de los tribunales contra un asegurador y en favor de cualquier asegurado nombrado o el beneficiario designado bajo una póliza o contrato ejecutado por el asegurador, el Tribunal de Primera Instancia o, en el caso de una apelación en la que prevalezca el asegurado o beneficiario, el tribunal de apelación, deberá adjudicar o decretar contra el asegurador y a favor del asegurado o el abogado del beneficiario una suma razonable como honorarios o compensación por haber procesado la demanda en la que se obtuvo una recuperación.

> [...]

III.

En su primer señalamiento de error, One Alliance, en síntesis, argumentó que el TPI erró al ordenarle el pago de intereses pre-sentencia por mora en cuanto al *2nd Claim Submission*. Particularmente puntualizó que los intereses por morosidad no procedían ya que había litigado sus defensas de buena fe y que no se había negado a pagar.

Conforme al derecho que antecede, los intereses pre-sentencia únicamente se imponen si la parte perdidosa incurre en temeridad en la tramitación del pleito y si se trata de una demanda de cobro de dinero o por daños y perjuicios. *González Ramos v. Pacheco Romero,* supra, pág. 146. Por su parte, el Tribunal impone intereses

por morosidad cuando el deudor se retrasa en el cumplimiento de su obligación. *Valcourt v. Iglesias,* supra, pág. 638. Particularmente, para que exista mora por parte del deudor es necesario que la obligación sea una positiva de dar y hacer, que esta sea líquida, exigible y esté vencida y que el acreedor le haya requerido el pago al deudor ya sea judicial o extrajudicialmente. Castan Tobenas, *op. cit.,* págs. 238-240.

En el caso de autos, el 28 de marzo de 2019, las partes llegaron a un acuerdo sobre las propiedades incluidas en el *2nd Claim Submission.* Así pues, el 16 de mayo de 2019, One Alliance notificó su ajuste a las 29 propiedades incluidas en el *2nd Claim Submission* y le ofreció a PRAPI el pago de $1,493,856.59 correspondientes a los reclamos en cuanto a esas propiedades. PAPRI aceptó el ajuste y el 29 de mayo de 2019 procedió a notificarle los comprobantes de pérdida al ajustador de One Alliance en cuanto a las propiedades del *2nd Claim Submission.* Sin embargo, el 20 de junio de 2019, la apelante le informó a PRAPI que rechazaba los comprobantes de pérdida entregados relacionados al *2nd Claim Submission.*

En la *Sentencia* que emitió nuestro panel hermano en el caso núm. KLCE202201139, la cual advino final y firme, este foro determinó que One Alliance no podía negarse a emitir el pago del *2nd Claim Submission* de las propiedades ajustadas una vez la oferta se aceptó por PRAPI. Puntualizó que One Alliance emitió la oferta después de notificar que realizó una investigación diligente, por lo que la cantidad ofrecida para cubrir los daños de las propiedades incluidas en el *2nd Claim Submission* constituía una deuda líquida, vencida y exigible. Además, puntualizó que la alegación de fraude que One Alliance presentó en su *Reconvención* como razón para retractarse de la oferta emitida, debió levantarse cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente.

Aun cuando el foro intermedio resolvió lo antes expuesto, One Alliance continúo sosteniéndose de su alegación de fraude por parte de PRAPI.

En vista de lo anterior, no cabe duda de que One Alliance tenía la obligación de realizar el pago del 2nd Claim Submission de las propiedades ajustadas desde el 2019 cuando PRAPI aceptó lo oferta. Sin embargo, One Alliance se negó a realizar el pago alegando fraude por parte de PRAPI luego de haber indicado que había realizado una investigación sobre la reclamación incoada previo a emitir la oferta. Ello provocó que PRAPI incoara la presente causa de acción que lleva más de cuatro años litigándose. Tomando en consideración lo antes expuesto, avalamos la determinación del TPI de imponerle a One Alliance intereses pre-sentencia por morosidad. Como muy bien estableció el TPI, One Alliance no tenía razón legítima para negarse a satisfacer el ajuste y oferta que le cursó a PRAPI en el 2019. Así pues, el primer señalamiento de error no se cometió.

En su segundo señalamiento de error, la parte apelante alegó que el TPI erró al conceder honorarios de abogado al amparo del Art. 27.165 del Código de Seguros, *supra*. Expresó que no había incurrido en mala fe en su defensa. De igual forma, puntualizó que para que procedieran los honorarios de abogado bajo el referido artículo, era necesario que el dictamen recurrido dispusiera de la totalidad del caso. En primer lugar, aclaramos que el Art. 27.165 del Código de Seguros, *supra,* no hace distinción entre las sentencias parciales y las finales para su aplicación. Sin embargo, la Sentencia recurrida en el presente caso es una final conforme lo establece la Regla 42.1 de Procedimiento Civil, *supra*. Incluso, el TPI emitió una *Resolución* el 29 de agosto de 2024, mediante la cual enmendó la *Sentencia Parcial* que dictó el 28 de noviembre de 2023 a los fines de aclarar que el decreto emitido era una sentencia sumaria y no una sentencia parcial.

Ahora bien, conforme expresamos anteriormente, para que procedan los honorarios de abogado bajo el Art. 27.165 del Código de Seguros, lo único que se exige es que recaiga una sentencia por cualquiera de los tribunales en contra de un asegurador y a favor de cualquier asegurado por haber procesado una demanda en la que se obtuvo una recuperación. No cabe duda de que, en el presente caso, el TPI dictó una *Sentencia Sumaria* en contra de One Alliance, la parte aseguradora, y que, mediante este dictamen, PRAPI, la parte asegurada, obtuvo una recuperación. En consecuencia, procede la imposición de $25,000.00 por concepto de honorarios de abogado conforme el Art. 27.165 del Código de Seguros, *supra.* De este modo, el segundo señalamiento de error no se cometió.

Por último, en su tercer señalamiento de error, One Alliance argumentó que el TPI erró al ordenar el pago de intereses post sentencia toda vez que presuntamente no se resolvió finalmente la cuestión litigiosa al amparo de la Regla 42.1 de Procedimiento Civil, *supra.* Como discutimos anteriormente, la Sentencia recurrida es una final conforme lo dispone la Regla 42.1 de Procedimiento Civil, supra. Es decir, resuelve todas las controversias entre todas las partes de forma tal que no quede pendiente nada más que la ejecución de ésta. Sin embargo, la Regla 44.3 de Procedimiento Civil, *supra*, dispone que el interés post sentencia se impondrá a favor de la parte victoriosa **en todas las sentencias** que se ordene el pago de dinero. Como podemos observar, la referida regla no distinción en el tipo de sentencia. Además, es norma reiterada que los intereses post sentencia son obligatorios. *González Ramos v. Pacheco Romero,* supra, pág. 146.

En el caso de autos, recayó un Sentencia en contra de One Alliance mediante el cual se le ordenó el deberá realizar el pago correspondiente al *2nd Claim Submission* en cuanto a las propiedades ubicadas en Arecibo. Nótese que los intereses post

sentencia se imponen en toda sentencia que se ordene el pago de dinero. A tales efectos, procede que el TPI imponga intereses post sentencia calculados al interés legal vigente de 9.25% según lo dispone la Oficina del Comisionado de Instituciones Financieras. En vista de lo anterior, el TPI no cometió el tercer señalamiento de error.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones